UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

GREGORY STEWART, on behalf of
himself and on behalf of all
others similarly situated,

    Plaintiff,

v.                                    Case No.:

BAPTIST MEMORIAL HEALTH
CARE CORPORATION,

    Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Gregory Stewart, by and through the undersigned attorney, and on behalf of himself and the putative class set forth below, brings this Class Action Complaint against Baptist Memorial Health Care Corporation ("Defendant"), including, subsidiaries, divisions and affiliates, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

**PRELIMINARY STATEMENT**

1. Defendant is a large, national health care company that employs thousands of employees at hospitals across the United States.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on applicants and employees.

3. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendant – has complied with the FCRA's strict notice requirements. *See* 15 U.S.C. § 1681b(b)(3).

4. Defendant willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5. Specifically, Defendant violated 15 U.S.C. § 1681b(b)(3) by denying employment opportunities to Plaintiff based in part or in whole on the results of Plaintiff's consumer report without first providing him notice, a copy of the report, and a summary of his rights.

6. In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3) on behalf of an "Adverse Action Class" consisting of:

> **All applicants and employees in the United States who were subject to an adverse employment action based in whole or in part on their consumer report but to whom Baptist Memorial Health Care Corporation did not provide notice and a copy of the report before taking the adverse employment action, for the five years preceding the date of this action.**

7. On behalf of himself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, and other appropriate relief under the FCRA.

## PARTIES

8. Plaintiff is a consumer. Plaintiff applied for employment and was denied employment with Defendant and is a member of the putative Adverse Action Class.

9. Defendant is a corporation and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## JURISDICTION AND VENUE

10. This is an action for statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

11. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p.

12. Venue is proper in the United States District Court, Western District of Tennessee, because Plaintiff resides in the Western District of Tennessee and the underlying events took place in this district.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

13. Defendant conducts background checks on many of its job applicants as part of a standard screening process. In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

14. Defendant does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

15. Plaintiff applied for employment with Defendant in or around May, 2020. Subsequently, in June, 2020, Defendant informed Plaintiff via e-mail that it was rescinding the offer for employment because he had failed the background check. Defendant did not provide Plaintiff with pre-adverse action notice or a copy of his consumer report before rescinding the offer of employment.

16. Defendant's failure to provide Plaintiff with pre-adverse action notice or a copy of his consumer report or summary of rights was a blatant violation of the requirements set forth by 15 U.S.C. § 1681b(b)(3).

## PLAINTIFF'S CONCRETE HARM

17. Defendant's failure to provide pre-adverse action notice injured Plaintiff in that he was deprived of his ability to contest or discuss with Defendant the content of his consumer report.

18. Defendant rescinded Plaintiff's offer of employment based in whole or in part on the content of his consumer report but never provided him with pre-adverse action notice or a copy of his consumer report. Therefore, Defendant

failed to satisfy the federally imposed requirements of § 1681b(b)(3).

19. Because Defendant failed to provide Plaintiff a copy of his consumer report, Plaintiff was deprived of the opportunity to see how his personal, sensitive information was being reported by a consumer reporting agency.

20. Because Defendant failed to provide Plaintiff a copy of his consumer report, Plaintiff worried whether the information contained in his consumer report was accurate and how it would affect his prospects of employment elsewhere.

21. The FCRA's protections regarding who may obtain consumer reports how they may be used are real and substantive, not merely procedural. The violation alleged here is not just a technical requirement – Defendant had no right to take an adverse employment action against Plaintiff without first providing him notice of its intent, and a copy of his report.

22. Plaintiff and the putative class members therefore suffered a concrete, in-fact injury that is directly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision here.

## **DEFENDANT ACTED WILLFULLY**

23. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the statute's plain language, judicial decisions interpreting the Act, and in the Federal Trade Commission's and Consumer Financial Protection Bureau's promulgations.

24. Defendant obtained, or had available, substantial written materials, which apprised it of its duties under the FCRA.

25. These requirements have been part of the fabric of the FCRA since Congress enacted it. Defendant has had decades by which to become compliant with this requirement, yet it has not done so.

26. Despite knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and putative class members of their rights under the FCRA.

27. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each putative class member for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## CLASS ACTION ALLEGATIONS

28. In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All applicants and employees in the United States who were subject to an adverse employment action based in whole or in part on their consumer report but to whom Baptist Memorial Health Care Corporation did not provide notice and a copy of the report before taking the adverse employment action, for the five years preceding the date of this action.**

29. <u>Numerosity</u>: The members of the putative class are so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the putative class. Based on the number of putative class members, joinder is impracticable. The names and addresses of the Class members are identifiable through Defendant's records and published Class members may be notified of this action by mailed notice.

30. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the putative class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members, and Defendant treated Plaintiff consistent with other putative class members in accordance with its standard policies and practices.

31. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

32. <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

> a. whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;
>
> b. whether Defendant provided applicants and employees with notice and copies of their consumer reports before taking an adverse employment action against them;
>
> c. whether Defendant's violation of the FCRA was willful;
>
> d. the proper measure of statutory damages; and
>
> e. the proper form of injunctive and declaratory relief.

33. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

34. This case is also maintainable as a class action because Defendant acted or refused to act on grounds that apply generally to the putative class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

35. Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against the Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

36. Plaintiff intends to send notice to all members of the Putative Class

to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

## COUNT I
## Failure to Provide Pre-Adverse Action Notice in Violation of FCRA
## 15 U.S.C. § 1681b(b)(3)(A)

37. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 15-27.

38. Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

39. Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with pre-adverse action notice, and a copy of their consumer report used to take adverse employment action against them, before taking such adverse action. *See* 15 U.S.C. § 1681b(b)(3)(A).

40. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Defendant obtained or otherwise had available

substantial written materials that apprised Defendant of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

41. Moreover, at the time Defendant failed to follow 15 U.S.C. § 1681b(b)(3)(A) a plethora of FTC opinions and case law existed.

### *Plaintiffs' First Concrete Injury: Informational Injury*

42. Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled to by statute, namely pre-adverse action notice, before adverse action was taken. This notice should have included all information prescribed by § 1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under § 1681g(c)(3) of the FCRA.

43. Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice. The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### *Plaintiffs' Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story*

11

44. Separately from the informational injury suffered, Plaintiff has Article III standing to pursue claims for violations of § 1681b(b)(3) because Defendant's failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to view the information in their consumer report before Defendant took adverse action.  Thus, Plaintiff was denied the opportunity to determine if the information contained in his consumer report was indeed correct to plead his case for employment with Defendant, and to understand how it might affect his future efforts to obtain employment.

45. With these two recognized injuries directly traceable to Defendant's failure to timely provide the notices required by § 1681b(b)(3), Plaintiff has established Article III standing.

46. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100.00 and not more than $1,000.00 for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2).

47. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself the putative class, prays for relief as follows:

    a. determining that this action may proceed as a class action;

b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

c. issuing proper notice to the putative classes at Defendant's expense;

d. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e. awarding reasonable attorneys' fees and costs as provided by the FCRA.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the putative class demand a trial by jury.

Dated this 7th day of June, 2021.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813.577.4761
Facsimile: 813.559.4870
medelman@forthepeople.com
*Attorney for Defendant*